MATTER OF DE M—

In EXCLUSION Proceedings

A-11567306

*Decided by Board February 21, 1961*

Excludability—Petty offense, section 4, Act of September 3, 1954—Permissible to go outside conviction record to determine whether alien has committed more than one offense.

Perjury—Elements—Necessary to show alien knew testimony was false.

(1) In determining whether an applicant for admission has "committed more than one offense" within section 4 of the Act of September 3, 1954, it is permissible to consider the circumstances surrounding her conviction under an assumed name for attempted petit larceny and her explanations of her conduct.

(2) As to whether this alien committed perjury before Service officers by testifying that she had never used any name other than her own and had never been arrested, it was held that elements of perjury are not established in the absence of evidence showing that she believed or realized that her testimony was false.

EXCLUDED: Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Convicted of crime—Attempted petit larceny.

BEFORE THE BOARD

DISCUSSION: This case is before us on appeal from a decision of a special inquiry officer excluding the appellant on the above ground.

The appellant is a 32-year-old married female, native and citizen of the Dominican Republic, who applied for admission to the United States on September 20, 1960, at which time she was in possession of a nonquota immigrant visa. She was in the United States on two prior occasions as a visitor. On August 16, 1960, upon her plea of guilty, she was convicted in New York City of attempted petit larceny under the name of B—C—. Execution of a 60-day sentence was suspended. The special inquiry officer held that this was a petty offense within the meaning of section 4 of the Act of September 3, 1954 [8 U.S.C. 1182a] but that the appellant could not be admitted to the United States under this provision because she had committed another offense, that is, perjury. The sole issue involved is whether the appellant committed perjury.

218

We have carefully reviewed the entire record. There is attached to the appellant's immigrant visa a certificate concerning the conviction for attempted petit larceny, and the application for visa contains the statement that the appellant had used the name B—C—. It is apparent, therefore, that the consular officer was aware of the conviction and of her use of the name B—C— and that he concluded that the appellant could be granted an immigrant visa under the provisions of 8 U.S.C. 1182a.

The special inquiry officer's conclusion that the appellant committed perjury is predicated on the following circumstances. The appellant had been arrested on June 27, 1960, for the offense which later resulted in the conviction for attempted petit larceny. On July 27, 1960, she testified before an officer of the Service that she had never used any other name in the United States than P—P—P—D—M— and that she had never been arrested. During a hearing before a special inquiry officer on August 4, 1960, she testified that she had never been arrested or convicted of a crime. Hence, the appellant made these statements subsequent to her arrest but prior to her conviction.

The special inquiry officer cited our decision in *Matter of S—R—*, 7—495, 499 (1957), in which we said that, under the proviso to 8 U.S.C. 1182a, the test is not whether the alien has been convicted of or admits more than one petty offense, "but rather it is whether there is a preponderance of evidence which establishes that the alien has in fact committed more than one misdemeanor classifiable as a petty offense." Actually, perjury is not classifiable as a petty offense, and we shall later discuss the fact that the appellant's case appears to differ from the case cited for that reason. Nevertheless, we will apply the test mentioned in *Matter of S—R—*, *supra*, to ascertain whether the appellant committed perjury.

In determining whether an alien is excludable or deportable, we cannot go beyond the record of conviction to determine the guilt or innocence of the defendant nor to consider the circumstances surrounding the commission of an offense. On the other hand, we have held that factors outside the record of conviction may be considered in connection with the issue of discretionary relief (*Matter of G—*, 1—8 (approved by Atty. Gen., 1940)). The question of whether this appellant comes within the terms of 8 U.S.C. 1182a does not, of course, relate to an exercise of discretion. However, there has been no conviction of perjury and, insofar as concerns the offense of attempted petit larceny, the appellant does not urge that her explanation of the circumstances would remove the conviction as a ground of exclusion. Under these circumstances, we hold that it is proper to consider the appellant's explanation for the offense

of attempted petit larceny and for the incorrect statements made by her on July 27 and August 4, 1960.

The appellant testified that she and two friends (M—R— and B—C—) went together to a store on June 27, 1960; that B—C— left them to go to another part of the store and later returned with two shopping bags which she asked M—R— and the appellant to hold while she (B—C—) continued her shopping; and that M—R— and the appellant waited a long time for B—C— but she failed to return. Later, when questioned by officials at the store, she refused to give her own name, stating that the shopping bags did not belong to her and the officials then told her to put down the name of the woman to whom the bags belonged, which she did. The appellant does not speak or understand English. She testified that M—R— also does not speak English but called her husband who came to the jail and had them both released about 6:00 p.m.

The appellant stated that B—C— had been living in the same building where she (the appellant) and M—R— lived but, when they arrived home after their release from detention on June 27, 1960, they found that B—C— had taken her suitcase and left, and the appellant has not seen her since that time. At the hearing counsel stated that he had a witness present, M—P—, who would testify that B—C— had been living with the appellant, and the special inquiry officer said that he would assume that the witness would testify substantially as counsel indicated.

Exhibits 2, 4 and 5 show that the appellant pleaded not guilty on August 5, 1960, and that on August 16, 1960, this was changed to a plea of guilty of attempted petit larceny. She testified that she and M—R— obtained counsel "because we were not guilty"; that she had to appear in court three times; that the lawyer said that he would try to clear them but the case would drag on for a long time; and that she decided to plead guilty in order to dispose of the case before her contemplated departure on September 5, 1960, for the purpose of obtaining her immigrant visa.

In concluding that the appellant committed perjury when she testified that she had never used any other name in the United States than P—P—P—D—M—, it is clear that the special inquiry officer proceeded on the theory that the appellant had *used* the name B—C—. Certainly, she did not use that name at any other time than in the criminal proceeding and there is a question as to whether the fact that she was convicted under that name establishes that she "used" that name so as to render unquestionably false her testimony concerning the use only of her own name. This is particularly true in view of her explanation as to why she was convicted under that name.

It is well settled that perjury is not committed if the false testi-

mony related to a matter which was not material in the immigration proceedings (*Matter of* B—, 1—121 (approved by Atty. Gen., 1941)). The appellant is alleged to have committed perjury before an investigator on June 27, 1960, and during a deportation hearing on August 4, 1960. Her two false statements had no bearing on the issue of deportability and the question, therefore, is whether they were material in connection with the special inquiry officer's grant of voluntary departure. At that time she had not been convicted of the pending criminal charge and she was entitled to the usual presumption of innocence. While there is some doubt whether the false statements related to matters which were sufficiently material to constitute the crime of perjury, we do not rest our decision on that ground. Instead, the important consideration in this case is whether the appellant believed the statements to be false or true at the time the testimony was given.

18 U.S.C. 1621 provides, in part, that a person is guilty of perjury if, after taking an oath to testify truly, he "willfully and contrary to such oath states or subscribes any material matter *which he does not believe to be true* * * *." (Emphasis supplied.) In *United States* v. *Rose*, 215 F.2d 617, 622–623 (C.A. 3, 1954), which involved 18 U.S.C. 1621, the court said: "An essential element [of perjury] is that the defendant must have acted with a criminal intent—he must have believed that what he swore to was false and he must have had the intent to deceive. If there was a lack of consciousness of the nature of the statement made or it was inadvertently made or there was a mistake of the import, there was no corrupt motive." After careful review of the record, it is our considered opinion that this is not a case in which the appellant believed or realized that her testimony was false. There appears to have been a complete absence of the intent necessary to constitute perjury, and there is nothing to indicate that the American consular officer or the Service was aware of the appellant's conviction prior to her submission to the consular officer of the certificate dated September 15, 1960, concerning the matter. In view of the foregoing, we hold that there does not exist in this case a preponderance of evidence establishing that the appellant committed perjury. It follows that the appellant is admissible to the United States in accordance with the provisions of 8 U.S.C. 1182a, and her appeal will be sustained.

Counsel contends that the language "has committed only one such offense" in the proviso to 8 U.S.C. 1182a bars relief to an alien who has committed two petty offenses but not to this appellant because perjury, if committed, would be a felony and she would have committed, therefore, only one petty offense. The special inquiry officer did not order the appellant's exclusion under 8 U.S.C. 1182(a)(9) on the ground that she admitted committing acts constituting

221

the essential elements of perjury which would seem to be the proper procedure if an alien has committed only one petty offense but has committed another crime involving moral turpitude. However, we need not reach a definite conclusion concerning that matter because we have held that there is not even a preponderance of evidence in this case that the alien committed perjury as required by the decision in *Matter of S—R—, supra.*

**ORDER:** It is ordered that the appeal be sustained and that the appellant be admitted to the United States for permanent residence.